UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **Shari Church,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06cv0059AS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF** ) | |
| **SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM, ORDER & OPINION**

Plaintiff, Shari Church ("Ms. Church"), seeks to recover attorney fees under the Equal Access To Justice Act ("EAJA"). 28 U.S.C. §2412.  Specifically, Ms. Church argues that she is entitled to attorney fees in the amount of $5,914.75 to be paid by the Social Security Commissioner because the Commissioner's attempt to deny her application for Social Security Disability Income Benefits was not substantially justified. (Pl. Br. at 2).

### **I. Background**

This Court takes full judicial notice of the record and particularly takes note of the Memorandum and Order remanding Ms. Church's case to the Social Security Administration, filed on November, 28, 2006.  Subsequent to that order, the case was remanded to the Office of Hearing and Appeals of the Social Security Administration and, on January 31, 2007, Ms. Church petitioned this Court for attorney fees and expenses pursuant to the EAJA.

## II. Discussion

Generally, under the EAJA, a party that prevails against the United States in a civil action may be entitled to an award of attorney fees, court costs, and other expenses. 28 U.S.C. §2412. Specifically, in order to recover attorney fees, the court must find that: (1) the plaintiff was a prevailing party in a civil action, (2) the plaintiff filed a timely application for fees, (3) the position of the government agency was not substantially justified, and (4) the fees are reasonable. Id.

In the present case, the government acknowledges that Ms. Church was the prevailing party in the action, that her request for fees was filed in a timely manner, and that the fees are reasonable. (Def. Br. at 2). Accordingly the only issue before this Court is whether or not the position of the government agency was substantially justified.

Under the EAJA, the government bears the burden of proving that its position was substantially justified. Pierce v. Underwood, 487 U.S. 552, 565 (1988). A position can be substantially justified even though it is not correct. Id. at 565. In order for the Commissioner's position to be substantially justified, it must have a reasonable factual and legal basis and there must exist a reasonable connection between the facts and the Commissioner's legal theory. Id. at 565. In other words, if an agency had "a rational ground for thinking it had a rational ground for its action," the Commissioner's position is substantially justified. Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).

Further, under the EAJA, attorney fees may be awarded if either: (1) the Commissioner's pre-litigation conduct (including the Administrative Law Judge's ("ALJ")

decision below) was not substantially justified, or (2) the Commissioner's litigation position was not substantially justified. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Thus, one factor in determining whether the Commissioner's position is substantially justified is whether the ALJ's decision was plausibly supported by the record. *See e.g.*, Cunningham v. Barnhart, 440 F.3d at 863 (finding substantial justification for the Commissioner's position because it was based on objective, though unexplained, medical evidence in the record that supported the ALJ's decision, rather than on unsupported speculation); Boyd v. Barnhart, 175 Fed. Appx. 47, 49 (7th Cir. 2006) (finding no substantial justification for the Commissioner's position where the ALJ's decision did not articulate specific reasons for discounting the plaintiff's credibility). Another factor in determining whether the Commissioner's position is substantially justified is whether it is supported by applicable law. *See, e.g.*, Koleman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994) (finding substantial justification for the Commissioner's position where the Commissioner relied upon a decision from a different circuit in supporting its action); Marcus v. Shalala, 17 F.3d 1033, 1037-1038 (7th Cir. 1994) (finding no substantial justification for the Commissioner's position where it was not supported by cumulative litigation history).

   In Ms. Church's case, the social security administration argues that attorney fees should not be granted under the EAJA because: (1) the Commissioner's litigation position was substantially justified because it relied upon relevant case law, and (2) the Commissioner's pre-litigation position was substantially justified because the ALJ met the minimum articulation standard. (Def. Br. at 4,5). On the other hand, Ms. Church argues that

she is entitled to attorney fees under the EAJA because the Commissioner's pre-litigation position was not substantially justified due to the ALJ's failure to abide by the regulations in weighing medical evidence. (Pl. Br. at 3).

As to the Commissioner's pre-litigation conduct, Ms. Church correctly points out that in her case, the ALJ failed to build an accurate and logical bridge between the evidence and the result. (Pl. Br. at 3).  However, a failure to build such a bridge does not mean that the ALJ's decision was not substantially justified.  Instead, in order for a decision to be substantially justified, the ALJ must articulate his reasoning and his decision must merely have a reasonable basis.  Similar to *Cunningham*, the ALJ's determination in Ms. Church's case, though not upheld by this court, was nonetheless supported by medical evidence and reasons for affording less weight to Ms. Church's physicians.  In particular, the ALJ specifically stated his opinion that the determinations of Ms. Church's primary physicians were not supported by objective medical testing and were inconsistent with her daily activities.  Accordingly, although the ALJ's reasoning was inadequate in this case, this is not a case where the ALJ gave no reasoning for his opinion.  Thus, the government had a rational basis for relying upon the determination and the government's pre-litigation conduct was substantially justified.

Further, as to the Commissioner's litigation position, the government correctly points out that the government's reliance upon the Seventh Circuit decision *Hofslein v. Barnhart* was substantially justified. (Def. Br. at 4). Specifically, given that the government in *Koleman* had substantial justification for its litigation position when relying on an out-of-

circuit case that supported its argument, in the present case, the government was substantially justified in relying upon *Hofslein v. Barnhart*, a Seventh Circuit case supporting the government's proposition that the ALJ may reject the opinions of an examining physician based solely on the opinions of non-examining physicians. Accordingly, although this court did not find the government's argument convincing during litigation, the argument was, nonetheless, supported by applicable law and was thus substantially justified.

### III. Conclusion

Based on the foregoing, Ms. Church's motion for attorney fees under the EAJA is **DENIED**. **SO ORDERED**.

**Date: June 26, 2007**  S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**